UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHAKIR HEWITT,

                Petitioner,              13-cv-7505 (NSR)

   -against-

                                     OPINION & ORDER

ANTHONY J. ANNUCCI, *Commissioner of the
New York State Department of Corrections*, JOHN
SMITH, *Superintendent of the Shawangunk
Correctional Facility*,
                Respondents.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Shakir Hewitt ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial, Petitioner was found guilty of one count of first degree robbery, two counts of second degree assault, one count of second degree menacing, and one count of fifth degree criminal possession of stolen property. Petitioner was sentenced to eighteen years for first degree robbery, ten years for second degree robbery, six years for second degree assault, and one year for criminal possession of stolen property with the sentences to run concurrently. Currently pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Judith C. McCarthy pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. For the following reasons, the Court adopts the R & R, and the petition is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

1

Following Petitioner's convictions and the exhaustion of his state court appeals, he timely filed the instant petition for a writ of habeas corpus on October 23, 2013. (ECF No. 1.) Petitioner argued that habeas corpus should be granted because (1) his trial counsel was ineffective due to the attorney's failure to move to re-open the pretrial hearing based on a finding that trial testimony contradicted and undermined pre-trial testimony; (2) Petitioner's appellate counsel was ineffective because of the attorney's failure to find or argue that trial counsel was ineffective for failing to object to the eighth count of the indictment; and (3) the trial counsel was also ineffective for failing to use a 9-1-1 recording at the suppression hearing to prove that the identity of the caller was unknown and inherently unreliable. (Pet'r's Pet. for Habeas Corpus, pp. 6 – 18, ECF No. 1.)

On May 3, 2017, Judge McCarthy issued her R & R recommending that this Court deny the petition. (ECF No. 28.) Petitioner timely filed objections on May 31, 2017. (ECF No. 30.)

## STANDARDS OF REVIEW

### I. Habeas Petition to Review a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner

rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

II. **Magistrate Judge's Report and Recommendation**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

# HABEAS PETITION AND MAGISTRATE JUDGE'S FINDINGS

Judge McCarthy found that Petitioner properly exhausted each of his separate claims of ineffective assistance of counsel. However, she determined that the state courts' decisions denying these claims were based on reasonable applications of the law and were not contrary to the law.

First, the R & R concluded that the Second Department was reasonable to hold that Petitioner's ineffective assistance of trial counsel claim based on his attorney's failure to move to re-open pre-trial hearings during the trial was without merit. To succeed on an ineffective assistance of counsel claim, a habeas petitioner must show both that (1) his lawyer's performance "fell below an objective standard of reasonableness" and (2) that there is a reasonable probability that, but for the error, the proceeding would have produced a different result. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Judge McCarthy found that the inconsistencies in the pre-trial and trial testimonies highlighted by Petitioner were not contradictory and, accordingly, that Petitioner failed to show that the outcome of the case would have been different if his trial counsel had moved to re-open the pre-trial hearings.

Second, Judge McCarthy held that the Second Department's determination that Petitioner's appellate counsel was not ineffective was not unreasonable or contrary to clearly established Supreme Court precedent. Petitioner claims that his appellate counsel was ineffective for failing to argue that the trial counsel should have objected to the inclusion of count eight, which according to Petitioner was duplicitous, in the indictment. However, Judge McCarthy highlighted that appellate counsel had "no duty to raise every non-frivolous issue that could be raised." (R & R, p. 23 (internal quotation mark omitted)); *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015). She also found that trial counsel would have had no basis to challenge

4

count eight and that, therefore, the appellate lawyer would have no basis to argue that the trial attorney was ineffective. Accordingly, because the appellate counsel had no duty to raise non-frivolous, and certainly no duty to raise frivolous, claims, and because Petitioner failed to show that he was caused any prejudice, the state court's decision to dismiss this claim was reasonable.

Finally, Judge McCarthy finds that the state court's denial of Petitioner's claim that trial counsel was ineffective for failing to use a 9-1-1 recording at the pre-trial hearing was not unreasonable or contrary to established Supreme Court precedent. While Judge McCarthy disagreed with the state court's determination that Petitioner improperly raised this claim through a § 440.10[1] motion, she found the court's holding that Petitioner's ineffectiveness claim was without merit to be reasonable. Petitioner again failed to establish that his lawyer's decision not to use the 9-1-1 call was unreasonable or that the failure to use that evidence caused prejudice to Petitioner.

Based on this analysis, Judge McCarthy recommended that the Petition be denied in its entirety and that no certificate of appealability be issued.

**DISCUSSION OF OBJECTIONS**

Petitioner objects to the R & R on two grounds. According to Petitioner, he has met his burden of showing ineffective assistance of counsel because he demonstrated that he suffered prejudice from his trial attorney's failure to file a timely motion to re-open the suppression hearing. Petitioner also contends that he has established that his trial counsel was ineffective for failing to use a 9-1-1 recording at the suppression hearing and that his arrest was a direct result of the anonymous 9-1-1 call.

---

[1] Under New York Criminal Procedure Law § 440.10, at any time after the entry of judgment, the court in which it was entered may, after a motion by the defendant, vacate the judgment based upon any of eight specific grounds. N.Y. Crim. Proc. Law § 440.10.

5

The Court undertakes a *de novo* review of Petitioner's specific objections to the R & R.

**I. Ineffective Assistance of Counsel for Failure to Timely Move to Re-Open**

Petitioner contends that he was prejudiced when his trial counsel failed to file a timely motion to re-open pretrial hearings.[2] To prove an ineffective assistance of counsel claim, a petitioner must demonstrate that his attorney's performance fell below an objectively reasonable standard and that there is a reasonable probability that but for counsel's deficiencies or errors, the result would have been different. *Strickland v. Washington*, 466 U.S 668, 688, 703 (1984). "[I]n the habeas context, a petitioner must also show that 'the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.' " *Maldonado v. Burge*, 697 F. Supp. 2d 516, 540 (S.D.N.Y. 2010) (quoting *Cox v. Donnelly*, 387 F.3d 193, 197 (2d Cir. 2004)) (internal quotation marks omitted). Petitioner failed to make the requisite showing.

Assuming that there were indeed inconsistencies in pretrial and trial testimony, failure to file a motion to re-open a suppression hearing is not below an objectively reasonable standard. Courts have repeatedly denied ineffective of counsel claims based on trial counsel's failure to move to re-open pretrial hearings, including suppression hearings. *See, e.g., Lynn v. Bliden*, 443 F.3d 238, 249 (2d Cir. 2006) (holding that the defendant was not deprived of effective assistance of counsel due to his trial counsel's failure to move to re-open a suppression hearing after the

---

[2] Petitioner also argues that he was entitled to a new *Wade* hearing to determine whether the alleged inconsistencies between the pretrial and trial testimony were prejudicial. The state court was not unreasonable to deny Petitioner a new *Wade* hearing because there was no application to re-open the pretrial hearings. *See People v. Diaz*, 194 A.D.2d 688, 689 (N.Y. App. Div. 2d Dep't 1993). However, the Court need not decide this issue because at the habeas stage, federal courts "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Kozlowski v. Hulihan*, 511 F. App'x 21, 23 (2d Cir. 2013) (summary order) (citations omitted).

discovery of inconsistent statements); *Bridges v. Valley*, No. 10-CV-5950(BMC), 2011 WL 2708723, at *7 (E.D.N.Y. July 11, 2011); *Taylor v. Rivera*, No. 07-CV-8668(PKC)(DF), 2011 WL 4471919, at *1, 5 (S.D.N.Y. Apr. 18, 2011); *Booker v. Ricks*, No. 02-CV-6456(JG), 2006 WL 2239243, at *5, 13 (E.D.N.Y. Aug. 4, 2006); *Mayo v. Burge*, No. 02-CV-10192(NRB), 2003 WL 21767767, at *6 (S.D.N.Y. July 30, 2003).

Moreover, Petitioner has failed to show that there is a reasonable probability that but for the failure to move to re-open the pretrial hearing, there would have been a different result. As Judge McCarthy noted, the inconsistencies in pretrial and trial testimony that Petitioner points to are not contradictory. (Habeas Pet. pp. 6 – 12.) In the pretrial hearing, police officers testified that there were specific, identifiable witnesses who observed Petitioner in possession of the stolen remote-control vehicle and those witnesses confirmed that they observed Petitioner in possession of the stolen item at trial. Even if trial counsel had moved to re-open pretrial hearings, it is unlikely that this motion would have been granted in light of the absence of inconsistent statements. Petitioner's trial attorney had no duty "to raise every non-frivolous issue that could be raised" or to make a frivolous motion. *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015); *Feliciano v. United States*, Nos. 01-CV-9398(PKL), 95-CR-0941(PKL), 2004 WL 1781005, at *5 (S.D.N.Y. Aug. 10, 2004). Accordingly, the Second Department's decision that Petitioner's ineffective assistance of counsel claim was without merit is not unreasonable.

## II. Ineffective Assistance of Counsel for Failure to use a 9-1-1 Recording at the Pretrial Hearing

According to Petitioner, his trial counsel was ineffective for failing to use a 9-1-1 recording or transcript at the pretrial hearing. Petitioner argues that the 9-1-1 call was anonymous, and an anonymous tip was insufficient to justify the search and seizure which

ultimately led to his arrest.[3] However, again Petitioner does not satisfy the *Strickland* test which requires a showing that the trial attorney's performance fell below an objectively reasonable standard and that there is a reasonable possibility that the outcome of the pretrial hearing would have been different but for the trial attorney's inaction. *Strickland v. Washington*, 466 U.S 668, 688, 703 (1984).

As the R & R explains, the 9-1-1 call was not the basis for Petitioner's arrest. After receiving the 9-1-1 call, police officers were dispatched to the Hobby Shop, but Petitioner was no longer there when they arrived. Later, officers returned to the Hobby Shop and arrested Petitioner after a Hobby Shop employee personally informed an officer that Petitioner had come back to the shop. (Decision & Order on §440.10 Mot. pp. 3 – 4,ECF No. 10-18.) The 9-1-1 recording or transcript would have only provided redundant information that Petitioner had been at the Hobby Shop and the trial court did not rely on that recording to determine that the officers had probable cause to arrest Petitioner. The trial attorney's decision not to use the recording was therefore objectively reasonable. *See Nosov v. United States*, 526 F. App'x 127, 129 (2d Cir. 2013) (quoting *United States v. Regalado*, 518 F.3d 143, 149 n. 3 (2d Cir. 2008)) ("As we have noted, 'failure to make a meritless argument does not amount to ineffective assistance.' "); *Ford v. Smith*, No. 12-CV-8993(VB)(LMS), 2016 WL 7647042, at *10 (S.D.N.Y. Aug. 8, 2016) (stating that it would have been objectively reasonable for the trial counsel to not attempt to introduce reports into evidence because they were of limited probative value); *Mills v. Phillips*, No. 03-CV-0331(JG), 2005 WL 1262105, at *8 (E.D.N.Y. May 26, 2005) (denying the petitioner's ineffective assistance of counsel claim because the attorney's choice not to introduce a report into evidence at trial was objectively reasonable). Additionally, the use of the 9-1-1

---

[3] The caller was later identified as one of the victims of the robbery.

recording would not have changed the result of the pretrial hearing because the 9-1-1 recording did not add probative evidence or contradict existing evidence.[4] Accordingly, state court reasonably concluded that Petitioner's ineffective assistance of counsel claim was without merit.

## CONCLUSION

For these reasons, the Court adopts Judge McCarthy's R & R in its entirety. The petition for a writ of habeas corpus is therefore DENIED. The Clerk of Court is directed to enter judgment accordingly, close the case, mail a copy of this Order to Petitioner and show proof of service on the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259 – 60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: February 28, 2019  
      White Plains, New York

SO ORDERED:

_____  
Nelson S. Román  
United States District Judge

---

[4] Petitioner alleges that Detective Wilson falsely testified that the 9-1-1 call was made by one of the victims of the robbery. Petitioner provides no evidence that Detective Wilson's testimony was false. *See Pollard v. Gonyea*, No. 11-CV-5712(RMB)(MHD), 2012 WL 2389755, at *3 (S.D.N.Y. June 25, 2012). Moreover, the identity of the 9-1-1 caller was not necessary to determine whether the police officers had probable cause to arrest Petitioner because, as discussed above, the 9-1-1 call is not the reason Petitioner was arrested.